UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MAURICE GOODSON,

    Petitioner,

v.                                                 Case No. 4:22cv395-WS-HTC

RICKY D. DIXON,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Maurice Goodson, proceeding *pro se*, initiated this matter on November 2, 2022, by filing a petition for habeas relief under 28 U.S.C. § 2254. ECF Doc. 1. In response to the petition, the Secretary has filed a motion to dismiss based on the petition being untimely. ECF Doc. 12. The undersigned has reviewed the motion, as well as Petitioner's reply, ECF Doc. 16. As discussed further below, although the undersigned does not agree with the calculations used by the Secretary, the undersigned does agree the petition is untimely. Thus, the undersigned recommends the motion to dismiss be GRANTED and the petition be DISMISSED WITH PREJUDICE without an evidentiary hearing.

Pursuant to 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA"), a § 2254 petition must be filed within one-year of certain trigger dates. For purposes of Goodson's case, the applicable trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] The one-year time period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As discussed below, the petition is untimely because it was filed more than one year after the judgment and conviction became final, excluding any tolled time.

Petitioner was convicted on April 12, 2019, in Leon County Circuit Court Case Number 2018 CF 1522 for Lewd and Lascivious Molestation victim younger than 12 and sentenced the same day to forty years' imprisonment. He timely appealed, and the First District Court of Appeals ("First DCA") affirmed *per curiam* and without a written opinion on May 13, 2020.[2] *Goodson v. State*, 295 So. 3d 720 (Fla. 1st DCA 2020), appeal no.: 1D19-1415; ECF Doc. 12-2 at 1. He did not seek

---

[1] Although there are other "trigger" dates under the AEDPA, none of those apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

[2] Although the Secretary correctly identified the May 13, 2020, date as the date the opinion was issued in the "Background" portion of his response, he incorrectly states that "final judgment" ran 90 days from August 11, 2020, in the "Argument" section of the response. As discussed below, August 11, 2020 is the date the judgment became final (and not *July 15, 2013* as erroneously stated in the motion to dismiss).

further review, so the conviction therefore became final 90 days later., on Tuesday, August 11, 2020.[3]

182 days later, on February 10, 2021, Petitioner filed a 3.850 motion, ECF Doc. 12-3 at 1, which continuously tolled the AEDPA clock until March 11, 2022, when the First DCA affirmed the denial of the 3.850 motion, *per curiam* and without written opinion, and issued its mandate. *Goodson v. State*, 333 So. 3d 696 (Fla. 1st DCA 2022), appeal no.: 1D21-1824; ECF Doc. 12-5 at 3. Three days later, petitioner filed an untimely motion for rehearing on March 14, 2022, which the Court denied on April 18, 2022.[4]

The AEDPA time-limit began running the next day and ran for 197 days until Petitioner delivered the instant federal petition to prison mail officials on November 2, 2022. Because (1) 182 days had run off the AEDPA clock between the time the judgment became final and when Petitioner filed the post-conviction motion, (2) another 2 days expired between the time the First DCA issued its mandate affirming the denial of the post-conviction motion and when Petitioner filed the motion for

---

[3] Goodson had filed a Rule 3.800 motion that was granted on August 14, 2019, and resulted in an amended judgment and sentence on August 22, 2019, which does not affect the timeliness analysis because the appeal was not resolved until May of 2020.

[4] The electronic docket sheet for appeal number 1D21-1824, available at https://acis.flcourts.gov, shows that a motion for rehearing was filed. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (a federal court may properly take judicial notice of state court dockets), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); *see also* Fed. R. Evid. 201(b)(2). The Secretary, however, failed to consider this motion for rehearing in his response and, thus, failed to toll the period between March 14, 2022, to April 18, 2022, in his calculations.

reconsideration, and (3) 197 days ran from the time the motion for reconsideration was denied until when Petitioner filed the federal petition, the petition was filed 16 days too late.

In the Reply, Petitioner argues the petition is timely because it was filed 327 days after the judgment and conviction became final. Petitioner's calculation, however, is premised on the State's clear typographical error in the "argument" section of its motion referring to August 11, 2020, as the date "from" which the 90-day review period "began to run." Specifically, Petitioner argues that 90 days after August 11, 2020, is November 12, 2020, which means only 92 (rather than 182) days had elapsed between the time the judgment became final and when Petitioner filed the 3.850 motion. As discussed above, however, the 90-day period for seeking certiorari with the United States Supreme Court did not *begin* on August 12, 2020, it *ended* on August 11, 2020. ECF Doc. 12-2. Therefore, the Respondent's motion to dismiss should be GRANTED as the petition is untimely.

Also, because the undersigned's recommendation of dismissal is based on untimeliness, the undersigned finds it unnecessary to grant an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Finally, the undersigned recommends a certificate of appealability be denied because Petitioner cannot make a substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v.*

*McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).

Accordingly, it is respectfully RECOMMENDED:

1. That the Motion to Dismiss, ECF Doc. 12, be GRANTED.

2. That the Petition, ECF Doc. 1, be DISMISSED WITH PREJUDICE as untimely.

3. That a Certificate of Appealability be DENIED.

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of May, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.